## Laguna v. Erie Insurance Group

*Edward F. Silva,* for plaintiff.
*John B. Lieberman III,* for defendant.

RUBRIGHT, *J.,* January 12, 1987—This matter is presently before the court on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment. Oral argument was heard on December 5, 1986, and we are now prepared to dispose of the matter.

The undisputed facts can be summarized as follows: Plaintiff was a passenger in a motor vehicle which was involved in an accident on July 4, 1985. As a result of the accident, plaintiff sustained personal injuries and has incurred medical bills in excess of $10,000. At the time of the accident, plaintiff was the named insured on an automobile insurance policy issued by Kemper Insurance Co. which provided $10,000 in first-party medical expense benefits. Kemper has paid $10,000 to various health care providers who treated plaintiff. At the time of the accident, plaintiff's wife was the named insured on an insurance policy issued by defendant. The policy provides $100,000 in first-party medical expense

coverage. The policy also provides first-party coverage to the named insured's spouse. Plaintiff has submitted to defendant his claim for payment of medical bills incurred in excess of $10,000. Defendant, relying upon restrictive language in its policy regarding levels of priority, has refused to make payment to plaintiff.

The policy of insurance issued by defendant to plaintiff's wife contains the following language:

"We will pay first-party benefits in accordance with the following order of priority. We do not pay if there is another insurer at a higher level of priority. The priority levels shown are in descending order from highest to lowest:

"FIRST — The insurer providing benefits to the eligible named person as a named insured.

"SECOND — The insurer providing benefits to the eligible person as an insured who is not a named insured under another policy providing coverage under the Pennsylvania Motor Vehicle Financial Responsibility Law."

Plaintiff has filed a motion for summary judgment in which he asks us to find that he is entitled to coverage under his wife's policy with defendant to a maximum of $90,000 of medical benefits. Defendant has filed a cross-motion for summary judgment in which we are requested to find that plaintiff is not entitled to recover any excess first-party medical expense benefits from defendant and that the policy provision upon which defendant relies is valid and enforceable.

Motions for summary judgment are governed by Pa.R.C.P. 1035, which provides in subsection (b):

"The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits,

if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

In the instant case, the parties agree that there is no dispute as to the material facts. The outcome of the case is dependent upon our interpretation of certain provisions of the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1701 et seq., which became effective on October 1, 1984. Section 1713 establishes a priority system to determine the source of first-party benefits. It provides in pertinent part:

"(a) General rule. Except as provided in section 1714 (relating to ineligible claimants), a person who suffers injury arising out of the maintenance or use of a motor vehicle shall recover first-party benefits against applicable insurance coverage in the following order of priority:

"(1) For a named insured, the policy on which he is the named insured.

"(2) For an insured, the policy covering the insured."

Section 1717 provides that first-party benefits shall not be increased by stacking the limits of coverage of multiple motor vehicle policies covering the individual for the same loss.

Plaintiff argues that he is not attempting to stack coverages. In so arguing, he relies upon the definition of stacking used by Ronca, Sloane and Mundy in their treatise titled "An Analysis of the Financial Responsibility Law." The definition, appearing on page 54, provides that "stacking" coverages means that, "When an individual has more than one vehicle on a policy or more than one policy, the limits per vehicle or per policy are added together." Plaintiff contends that he is not attempting to add together the limits of the two policies. Rather, he is

simply trying to turn to defendant's policy to provide coverage for medical expenses incurred in excess of the $10,000 benefits provided by plaintiff's own insurance company. It is plaintiff's position that, since his coverage with Kemper has been exhausted, he can turn to defendant to provide a maximum of $90,000 in coverage representing the policy limit of $100,000 minus the $10,000 provided by Kemper.

Our careful consideration of this matter has led us to the conclusion that plaintiff, by seeking recovery of first-party benefits from policies in two levels of priority, is attempting to stack coverages. Although what plaintiff is attempting does not fall precisely within the definition of "stacking" quoted earlier, the net result is the same, i.e. an increased limit. We believe that sections 1713 and 1717 evidence the Legislature's intention to prohibit such a result.

We find further support for our conclusion in the Insurance Department Guidelines dated August 10, 1984. Guideline B-16 provides:

"A person who suffers injury arising out of the maintenance or use of a motor vehicle may not recover first-party benefits from policies in more than one priority class. *There shall be no payment under a policy if there is another insurer at a higher level of priority.*" (emphasis supplied).

There is no guideline which would permit one who has exhausted his coverage under one policy to turn to a policy in a lower level of priority for the excess. Guideline B-8, which has been cited by plaintiff and which supported the position advocated by him, was deleted from the guidelines dated August 10, 1984. We believe that the fact that it was deleted, rather than modified, is some evidence that

the Insurance Department concluded that it was contrary to the intent of the Legislature.

Based upon our analysis of the law, we find that plaintiff is not entitled to recover any excess first-party medical expense benefits from defendant. It follows that the policy provision relied upon by defendant in denying plaintiff's claim is not contrary to the law and is enforceable against him.

Accordingly, we enter the following

### ORDER

And now, this January 12, 1987, it is hereby ordered that:

(1) Plaintiff's motion for summary judgment is denied.

(2) Defendant's motion for summary judgment is granted, and Peter Laguna Jr. is not entitled to first-party medical expense benefits under his wife's policy with defendant.